**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.    **CV 24-9562-JFW(RAOx)** | Date:  November 19, 2024 |

Title:       Bonnie Reyes -v- Mars, Inc.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On November 30, 2023, Plaintiff Bonnie Reyes ("Plaintiff") filed a Complaint against Defendant Mars, Inc. ("Defendant") in Los Angeles County Superior Court ("LASC").  On January 3, 2024, Defendant filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  On January 31, 2024, this Court concluded that federal question jurisdiction was lacking and remanded this action to LASC.  On October 24, 2024, Plaintiff filed a First Amended Complaint ("FAC") in LASC.  On November 5, 2024, Defendant filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C.

§ 1332(a); *see also Academy of Country Music v. Continental Cas. Co.,* 991 F.3d 1059, 1068 (9th Cir. 2021).  In this case, Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.  Instead, Defendant simply alleges that "because Plaintiff seeks (1) actual and punitive damages and (2) attorneys' fees, it is more likely than not that the amount in controversy requirement is satisfied."  Notice of Removal, ¶ 12.  Indeed, Defendant seems to rely almost entirely on its conclusion that Plaintiff's attorneys' fees will exceed $75,000.  Notice of Removal, ¶ 11.  Similarly, with respect to actual and punitive damages, Defendant fails to make any attempt to quantify those damages.  Notice of Removal, ¶¶ 9 and 11-12.  As a result, the Court concludes that the amount in controversy falls well short of the statutory minimum.

      Accordingly, Defendant is hereby ordered to show cause, in writing, no later than November 22, 2024, why this Court should not remand this action for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

      IT IS SO ORDERED.